{¶ 12} I concur in judgment with the majority opinion. I write separately to address the lack of clarity in the original legislation which, in my view, gives rise to this dispute.
 {¶ 13} The majority opinion outlines the fact that the R.C. 2701.10 is silent on the use of jurors by retired judges; nevertheless, the language in R.C. 2701.10 arguably contains conflicting passages.
 {¶ 14} R.C. 2701.10(B)(1) reads as follows:
"(B)(1) The parties to any civil action or proceeding pending in anycourt of common pleas, municipal court, or county court unanimously maychoose to have the action or proceeding in its entirety referred foradjudication, or to have any specific issue or question of fact or law inthe action or proceeding submitted for determination, to a judge of theirchoosing * * *."
(Emphasis added.)
 {¶ 15} Further, R.C. 2701.10(C) states in part:
"Upon the entry of an order of referral or submission in accordancewith division (B)(2) of this section, the retired judge to whom thereferral or submission is made, relative to the action or proceedingreferred or the issue or question submitted, shall have all of thepowers, duties, and authority of an active judge of the court in which theaction or proceeding is pending."
(Emphasis added.)
 {¶ 16} R.C. 2701.10(B)(1) is written broadly in the alternative. The choice of the word "entirety" in this section, coupled with the language in R.C. 2701.10(C), has been interpreted by some to mean that the retired judge, under the "all powers" reference, has the power to conduct a jury trial. Under this interpretation, these passages appear to conflict with the language in R.C. 2701.10(D), which outlines specific powers, but fails to expressly mention the use of jurors by retired judges.
 {¶ 17} R.C. 2701.10 (D) reads as follows:
"A retired judge to whom a referral is made under this section shalltry all of the issues in the action or proceeding, shall prepare relevantfindings of fact and conclusions of law, and shall enter a judgment inthe action or proceeding in the same manner as if he were an active judgeof the court. A retired judge to whom a submission is made under thissection shall try the specific issue or question submitted, shall preparerelevant findings of fact or conclusions of law, shall make adetermination on the issue or question submitted, and shall file thefindings, conclusions, and determination with the clerk of the court inwhich the action or proceeding is pending. Any judgment entered, and anyfinding of fact, conclusion of law, or determination of an issue orquestion made, by a retired judge in accordance with this section shallhave the same force and effect as if it had been entered or made by anactive judge of the court, and any appeal from the judgment, finding,conclusion, or determination shall be made as if the judgment had beenentered, or the finding, conclusion, or determination had been made, byan active judge of the court."
 {¶ 18} The need for judicial interpretation of statutes could easily be limited if drafters avoid the use of all-inclusive terms like "all powers" or "entirety" in statutory construction, where other portions of the statute list or outline the expressed specific powers. R.C. 2701.10(D)is unfortunately a limiting section, in that it delineates those powers the Ohio legislature intended to convey, and fails to outline the use of jurors by retired judges.